IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAMMY RICHNOW, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| NGM INSURANCE COMPANY; FRONTIER § | CIVIL ACTION NO. H-12-2388 |
| GENERAL INSURANCE AGENCY, INC.; § | |
| MUSTANG CLAIM SERVICE, INC.; ABJ § | |
| ADJUSTERS, INC.; JAMES L. STANLEY; § | |
| and LEE CARLTON, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Defendant NGM Insurance Company ("NGM") removed this action from the 165th Judicial District Court of Harris County, Texas, where it was filed under Cause No. 2012-34170. Pending before the court is Plaintiff's Motion to Remand and Supporting Memorandum ("Motion to Remand") (Docket Entry No. 5). At issue is whether Frontier General Insurance Agency, Inc. ("Frontier"), Mustang Claim Service, Inc. ("Mustang"), ABJ Adjusters, Inc. ("ABJ"), James L. Stanley, and Lee Carlton are improperly joined as defendants in this action. Because the court concludes that at least one of these defendants is properly joined, subject matter jurisdiction does not exist, and the Motion to Remand will be granted.

## I. Factual and Procedural Background

### A. Underlying Facts and Allegations

Plaintiff Tammy Richnow alleges in her Original Petition that she obtained a homeowner's insurance policy from NGM for real property located in Humble, Texas.[1] Richnow states that on July 5, 2011, a fire broke out in her home, causing severe damage to the insured property.[2] After the incident Richnow submitted to NGM a claim for property damage and the cost of repairs.[3] Richnow alleges that NGM assigned "Frontier and/or Mustang and/or ABJ" to adjust the claim, and that "Frontier and/or Mustang and/or ABJ and/or . . . NGM" then assigned Stanley and Carlton as the individual adjusters on the claim.[4] Richnow alleges that the adjusters Frontier, Mustang, ABJ, Carlton, and Stanley (collectively, "the adjuster defendants"), along with NGM, conducted an unreasonable investigation resulting in the underpayment of her claim, a delay in her ability to fully repair her home, and additional damages.[5]

---

[1] Plaintiff's Original Petition, Exhibit A to Defendant NGM Insurance Company's Notice of Removal ("Notice of Removal"), Docket Entry No. 1-1, ¶¶ 17-19.

[2] Id. ¶ 20.

[3] Id. ¶¶ 20-21.

[4] Id. ¶ 22.

[5] Id.

Richnow filed her Original Petition in state court on June 12, 2012. Richnow asserts causes of action (1) against Stanley and Carlton for violations of section 541 of the Texas Insurance Code;[6] (2) against Frontier, Mustang, and ABJ for violations of section 541 of the Texas Insurance Code;[7] (3) against all defendants for fraud and conspiracy to commit fraud;[8] and (4) against NGM for breach of contract, violations of sections 541 and 542 of the Insurance Code, and breach of good faith and fair dealing.[9] Richnow seeks monetary damages as well as attorney's fees and costs.[10]

## B. Removal and Pending Motion to Remand

On August 9, 2012, NGM timely removed this action to federal court under 28 U.S.C. § 1441, contending that the court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.[11] There is no dispute as to the satisfaction of the jurisdictional minimum or the citizenship of any party involved. Defendant NGM is a citizen of Florida pursuant to 28

---

[6]Id. ¶¶ 38-44.

[7]Id. ¶¶ 45-50.

[8]Id. ¶¶ 51-54.

[9]Id. ¶¶ 55-69.

[10]Id. ¶¶ 71-78.

[11]Notice of Removal, Docket Entry No. 1, p. 2, ¶ 2.1.

U.S.C. § 1332(c)(1).[12] Plaintiff Richnow and each of the adjuster defendants are citizens of Texas.[13] NGM contends that complete diversity exists, however, because the adjuster defendants are improperly joined.[14] Richnow filed a motion to remand on August 16, 2012, asserting that the adjuster defendants are properly joined and that federal diversity jurisdiction therefore does not exist.[15] NGM filed a response in opposition to the motion to remand on September 5, 2012.[16] Richnow filed a reply in support of her motion on September 21, 2012.[17]

## II. Subject Matter Jurisdiction

### A. Removal Jurisdiction

Under 28 U.S.C. § 1441(a) any state court civil action over which a federal court would have original jurisdiction may be removed from state to federal court. See Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). Federal courts have

---

[12]Id. ¶ 2.3. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." NGM is incorporated under the laws of Florida and maintains its principal place of business in Florida. Notice of Removal, Docket Entry No. 1, p. 2, ¶ 2.3.

[13]Id. ¶¶ 2.2, 2.4.

[14]Id. at 3, ¶ 2.5.

[15]Motion to Remand, Docket Entry No. 5, p. 3, ¶ 11.

[16]NGM Insurance Company's Response in Opposition to Plaintiff's Motion to Remand and Motion for Partial Dismissal ("Response in Opposition"), Docket Entry No. 7.

[17]Plaintiff's Reply in Support of Plaintiff's Motion to Remand and Supporting Memorandum ("Reply in Support"), Docket Entry No. 8.

original jurisdiction over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, that is, "a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

Removal jurisdiction depends on the plaintiff's state court pleadings at the time of removal. Pullman Co. v. Jenkins, 59 S. Ct. 347, 349 (1939); Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). The removing party bears the burden of showing that subject matter jurisdiction exists and that the removal procedure was properly followed. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). If at any time it appears that the district court lacks subject matter jurisdiction, the case must be remanded. See 28 U.S.C. § 1447(c). Ambiguities or doubts are to be construed against removal and in favor of remand. Id.

### B. Improper Joinder

The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. Borden v. Allstate, 589 F.3d 168, 171 (5th Cir. 2009). The court may ignore an

improperly joined non-diverse defendant in determining subject matter jurisdiction. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 1825 (2005).

A removing party attempting to prove improper joinder carries a heavy burden. Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002). To establish that a non-diverse defendant has been improperly joined in order to defeat diversity jurisdiction the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts or (2) an inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. Gasch, 491 F.3d at 281 (citing Smallwood, 385 F.3d at 573). Because NGM has not alleged actual fraud in the pleadings, only the second method is at issue in this case.

Under this second type of improper joinder the court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant." Smallwood, 385 F.3d at 573. Under this test a non-diverse defendant is improperly joined unless there is "arguably a reasonable basis for predicting that state law might impose liability on the facts involved." Great Plains Trust, 313

F.3d at 312 (internal quotation marks omitted). A reasonable basis requires more than merely a theoretical basis. Ross v. Citifinancial, Inc., 344 F.3d 458, 461-62 (5th Cir. 2003). The existence of a single valid cause of action against at least one non-diverse defendant requires remand of the entire case to state court. Gray v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 412 (5th Cir. 2004); see also Whalen, 954 F.2d at 1094.

The standard for evaluating whether a reasonable basis for a claim exists for purposes of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Campbell v. Stone, Inc., 509 F.3d 665, 669 (5th Cir. 2007). A court may also consider summary judgment-type evidence to determine whether a plaintiff has a factual basis for her claim. Id. "[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999). Thus, a defendant can defeat remand by showing that a state court petition fails to allege "specific actionable conduct" sufficient to support a cause of action against a non-diverse defendant. See Griggs, 181 F.3d at 699. Mere formulaic recitations of violations of statutes that are not accompanied by specific allegations concerning the actions of the individual defendant are not sufficient to create a reasonable basis to predict that the plaintiff will be able to recover against

-7-

the individual. Moore v. State Farm Mut. Auto. Ins. Co., 2012 WL 3929930, at *4 (S.D. Tex. Sept. 6, 2012). In deciding whether a party was improperly joined all unchallenged factual allegations, including those alleged in the petition, are taken into account in the light most favorable to the plaintiff, Smallwood, 385 F.3d at 575, and all contested factual issues and ambiguities of state law are resolved in favor of the plaintiff. Gasch, 491 F.3d at 281.

### III. Analysis

In her Motion to Remand Richnow argues that the court lacks subject matter jurisdiction because the adjuster defendants are non-diverse.[18] NGM contends that the adjuster defendants were improperly joined to defeat diversity.[19] Because the burden is on the removing party to establish that a state court suit is properly removable, see Gasch, 491 F.3d at 281, to avoid remand NGM must show that there is no reasonable basis for the court to predict that Richnow may recover on even a single claim against the adjuster defendants. See Gray, 390 F.3d at 412.

**A. Whether Richnow's Causes of Action Against the Adjuster Defendants Are Permitted Under Texas Law**

NGM argues that Richnow has no viable cause of action against the adjuster defendants because there is "no relationship between"

---

[18]Motion to Remand, Docket Entry No. 5.

[19]Notice of Removal, Docket Entry No. 1; Response in Opposition, Docket Entry No. 7.

Richnow and the adjuster defendants. It is true that if no contractual relationship existed between Richnow and any of the adjuster defendants, Richnow would not be able to prevail on claims for breach of contract, breach of the duty of good faith and fair dealing, or negligence. Blanchard v. State Farm Lloyd's, 206 F. Supp. 2d 840, 845 (S.D. Tex. 2001) (claims for breach of contract and good faith and fair dealing) (citing Griggs, 181 F.3d at 700 and Natividad v. Alexsis, 875 S.W.2d 695, 698 (Tex. 1994)); Dagley v. Haag Eng'g Co., 18 S.W.3d 787 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (negligence). But Richnow does not allege these claims against the adjuster defendants.

Richnow instead brings claims for violations of the Texas Insurance Code, which are permitted under Texas law on behalf of insureds against insurance adjusters.[20] See Rankin Road, Inc. v. Underwriters at Lloyds of London, 2010 WL 4007619, at *3 (S.D. Tex. Oct. 12, 2010); Doss v. Emp'rs Ins. of Wausau, 2011 WL 208387, at *3 (N.D. Tex. Jan. 24, 2011) (citing Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998)). The Texas Insurance Code prohibits any "person" from engaging in unfair or deceptive acts in the "business of insurance." TEX. INS. CODE § 541.003. A "person" is defined as "an

---

[20]Richnow also alleges that the adjuster defendants committed fraud and conspired to commit fraud, but because there is a reasonable possibility that Richnow could prevail with respect to the claim under the Insurance Code, the court need not assess the viability of the fraud claim.

individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). Moreover, the Texas Supreme Court has held that "[t]he business of insurance includes the investigation and adjustment of claims and losses." Vail v. Texas Farm Bur. Mut. Ins. Co., 754 S.W.2d 129, 132 (Tex. 1988) (citing Aetna Casualty & Surety Co. v. Marshall, 724 S.W.2d 770, 771-72 (Tex. 1987)).

The Fifth Circuit has held that adjusters engage in the business of insurance and are subject to the Texas Insurance Code. Gasch v. Hartford Indem. Co., 491 F.3d 278, 282 (5th Cir. 2007). District courts within this circuit have held that independent adjusters are subject to liability under the provisions of the Texas Insurance Code. See, e.g., Broadway Hampton Court v. Lexington Ins. Co., 2011 WL 1230264, at *4-5 (S.D. Tex. Mar. 29, 2011); Rankin Road, Inc., 2010 WL 4007619, at *2-3; Seabrook Marina, Inc. v. Scottsdale Ins. Co., 717 F. Supp. 2d 691, 692, 695-96 (S.D. Tex. 2010); Lindsey-Duggan, LLC v. Phila. Ins. Cos., SA-08-CA-736-FB, 2008 WL 5686084, at *2-3 (W.D. Tex. Dec. 15, 2008); First Baptist Church v. GuideOne Mut. Ins. Co., No. 1:07-CV-988, 2008 WL 4533729, *5 & n.8 (E.D. Tex. Sept. 29, 2008); Jones v. Ace Am. Ins. Co., No. 1:06-CV-616, 2006 WL 3826998, at *4-5 (E.D. Tex. Dec. 22, 2006); McNeel v. Kemper Cas. Ins. Co.,

No. 3:04-CV-0734, 2004 WL 1635757, at *2-3 (N.D. Tex. July 21, 2004).

## B. Causes of Action Supported by Sufficiently Specific Facts

NGM argues that even if Texas law permits Richnow to bring the insurance code claims against the adjuster defendants, there is no reasonable possibility that Richnow could prevail on those claims. NGM argues that Richnow's "conclusory allegations are merely a recitation of the statutory language from Chapter 541 of the Texas Insurance Code and contain no reference to any material facts to which the law should apply."[21] In NGM's view Richnow "really alleges nothing more than, 'Defendants violated Chapter 541 of the Insurance Code.'"[22]

In support of the allegations that the adjuster defendants engaged in unfair settlement practices, Richnow does recite certain portions of Section 541.060 of the Texas Insurance Code verbatim.[23] But contrary to NGM's contentions Richnow also includes specific factual allegations pertaining to the conduct of adjusters Stanley and Carlton.[24] Richnow alleges that (1) Carlton "conducted a substandard inspection" of the property, "evidenced by his

---

[21] Notice of Removal, Docket Entry No. 1, p. 5, ¶ 2.12.

[22] Response in Opposition, Docket Entry No. 7, p. 5, ¶ 15.

[23] Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-1, ¶¶ 38-44.

[24] Id. ¶ 22.

August 15, 2011 report, which failed to include all of [Richnow's] fire damages noted upon inspection"; (2) "the damages that . . . Carlton actually included in his report were grossly undervalued, resulting in the underpayment of [Richnow's] claim and thereby denying properly covered damages"; (3) "Stanley was the home office adjuster assigned to [Richnow's] claim" and "actively participated in the investigation of [Richnow's] claim"; and (4) "Stanley, along with Defendants NGM, Frontier, Mustang, and ABJ, failed to thoroughly review . . . Carlton's assessment of the claim and ultimately approved an inaccurate report of [Richnow's] damages."[25]

Richnow thus asserts more than mere formulaic recitations of violations of the Texas Insurance Code; in fact, those recitations are buttressed by specific allegations concerning the actions of the adjusters. See Sargent v. Safeco Ins. Co. of Ind., 2011 WL 819492, at *4 (S.D. Tex. March 2, 2011) (granting motion to remand because plaintiff's petition contained "actionable allegations specifically directed at [the adjuster]"). Moreover, NGM did not provide any summary-judgment type evidence to show that Richnow has no factual basis for her claim. See Campbell, 509 F.3d at 669. NGM has therefore failed to show that there is no "factual fit" between Richnow's allegations and the pleaded theory of recovery, see Griggs, 181 F.3d at 701, and that under a Rule 12(b)(6)-type analysis there can be no reasonable basis for

---

[25]Id.

recovery.[26] In light of the adjusters' alleged role in the adjustment process, there is a reasonable possibility that these allegations, if proven true, could persuade a finder of fact that the adjuster defendants are liable under section 541 of the Texas Insurance Code.

Other courts in this district have reached the same conclusion when faced with plaintiffs who have alleged similar facts. See, e.g., Broadway Hampton Court, 2011 WL 1230264, at *5-6; Sargent, 2011 WL 819492, at *4; Rankin Road, Inc., 2010 WL 4007619, at *5-6 (S.D. Tex. Oct. 12, 2010); Harris v. Allstate Tex. Lloyd's, 2010 WL 1790744, at *3-4 (S.D. Tex. Apr. 30, 2010) (granting motion to remand because the plaintiff's petition specifically alleged that the adjuster "was tasked with handling the insurance claim," "failed to fulfill this task in the manner required by the Texas Insurance Code," "misrepresent[ed] the policy coverage," "fail[ed] to attempt a fair settlement," and "fail[ed] to explain the insurer's reasons for denying payment"); Campos v. Am. Bankers Ins. Co. of Fla., 2010 WL 2640139, at *5 (S.D. Tex. June 30, 2010) (same).[27]

---

[26]NGM argues that the court must apply the heightened pleading requirements established by Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007), in the improper joinder analysis. Response in Opposition, Docket Entry No. 7, p. 4, ¶ 14. But the warning in Twombly that a "formulaic recitation of a cause of action's elements will not do," 127 S. Ct. at 545, is already incorporated by the precedent from the Fifth Circuit and this district regarding the improper joinder inquiry. The court applies this precedent and declines to directly apply Twombly in this case.

[27]Not all courts agree. See Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co., No. H-10-1846, 2011 WL 240335, *1-4 (S.D. Tex. Jan. 20, 2011); TAJ Props., LLC v. Zurich Am. Ins. Co., No. H-10-2512, 2010 WL 4923473, at *4 (S.D. Tex. Nov. 29, 2010).

Because the court concludes that Richnow has pleaded sufficient facts in support of her claims against adjusters Carlton and Stanley, the court declines to consider whether there are sufficient facts to support the claims against the adjuster companies Frontier, Mustang, and ABJ. See Gray v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 412 (5th Cir. 2004) ("[T]he existence of even a single valid cause of action against in-state [or non-diverse] defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court.").

## IV. Conclusion and Order of Remand

The court concludes that NGM has not met its burden to show that there is no reasonable basis to predict that Richnow might be able to recover against any of the adjuster defendants with respect to the claims brought under the Texas Insurance Code. Complete diversity is therefore lacking, and this action must be remanded for lack of subject matter jurisdiction. Accordingly, Plaintiff Tammy Richnow's Motion to Remand (Docket Entry No. 5) is **GRANTED**. The action is **REMANDED** to the 165th Judicial District Court of Harris County, Texas. The clerk of court is directed to promptly send a copy of this Memorandum Opinion and Order of remand to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 18th day of October, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE